## J. W. BURNS v. STATE.

No. A.-8437.  March 18, 1933.
Rehearing Denied May 19, 1933.
(21 Pac. [2d] 1075.)

C. R. Reeves, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was by information jointly charged with one E. E. Hodgins, of the crime of forgery; was tried separately, convicted, and sentenced to serve five years in the state penitentiary at McAlester.   From the judgment and sentence the defendant appeals.

The testimony in this case tends to show that the defendant and one E. E. Hodgins were officing together in the Key building, in the city of Oklahoma City; that one Maxine Shelly was working for the parties; that there was delivered to Maxine Shelly a number of checks purporting to be signed, Citizens' Refining Company, by Ira W. Conner, treasurer.   The testimony further tends to show a check dated July 29, 1931, made payable to the American Operatives Agency, for $10, signed Citizens' Refining Company, by Ira W. Conner, treasurer, was in-

dorsed, American Operatives Agency, by E. E. Hodgins, Maxine Shelly, and J. W. Burns; that Maxine Shelly was requested to get the check cashed. The check was not genuine. The testimony shows it was a forgery, and that the purported company signing the check did not have any money in the bank upon which it was drawn.

The defendant denies he had anything to do with the issuing of these checks or procuring the money received therefrom, and claims that Hodgins is the man who issued these checks. The jury heard the testimony and had an opportunity to judge the demeanor of the witnesses on the stand, and their interest or lack of interest in the conviction of the defendant, and decided the issues against the defendant. This court will not disturb the finding of the jury where there is any competent testimony to warrant the jury in returning a verdict of guilty.

Many other questions are argued by the defendant, which it is not deemed necessary to consider separately as a careful examination of the record shows they are not of sufficient merit to warrant a reversal of this case. The defendant was accorded a fair and impartial trial. There are no fundamental errors in the record, and under the testimony in this case the jury was warranted in returning a verdict of guilty. The judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.